## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND          )
ETHICS IN WASHINGTON,                    )
1400 Eye Street, N.W.,                   )
Suite 450                                )
Washington, D.C.  20005,                 )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )          Civil Action No.
                                         )
U.S. DEPARTMENT OF JUSTICE               )
950 Pennsylvania Avenue, N.W.            )
Washington, D.C.  20530,                 )
                                         )
            Defendant.                   )
_____)

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and

the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory,

and other appropriate relief.  Plaintiff seeks the release of records from three U.S. Department of

Justice ("DOJ") components – the Criminal Division, the Federal Bureau of Investigation

("FBI"), and the Executive Office of U.S. Attorneys ("EOUSA") – concerning the now closed

investigation of former Congressman Alan B. Mollohan (D-WV).  Plaintiff is statutorily entitled

to the disclosure of the records it seeks.  Notwithstanding that entitlement, defendant has

improperly withheld the requested records.

### Jurisdiction and Venue

2.  This Court has both subject matter jurisdiction over this action and personal

jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction

over this action pursuant to 28 U.S.C. § 1331, and 28 U.S.C. §§ 2201(a) and 2202.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

3.  Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a non-profit, non-partisan corporation organized under section 501(c)(3) of the Internal Revenue Code.  CREW is committed to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials.  CREW seeks to empower citizens to have an influential voice in government decisions and in the governmental decision-making process through the dissemination of information about public officials and their actions.  To advance its mission, CREW uses government records made available to it under the FOIA.

4.  Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702.  DOJ is the federal agency with possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA requests.  The Criminal Division, the FBI, and EOUSA are components of defendant DOJ.

**DOJ's Investigation of Congressman Alan B. Mollohan**

5.  Former Rep. Alan B. Mollohan was the subject of at least one criminal investigation conducted by DOJ.  Specifically, DOJ conducted an investigation of Rep. Mollohan related to $250 million in earmarks he made that benefitted five non-profit organizations of Rep. Mollohan's campaign contributors.  Rep. Mollohan earmarked this money for West Virginia High Technology Consortium Foundation, Institute for Scientific Research, Canaan Valley Institute, Vandalia Heritage Foundation, and Mountain Made Foundation.  These non-profits were run by close friends and real estate partners of Rep. Mollohan.  Employees of these

organizations, including board members and contractors, contributed at least $397,122 to Rep. Mollohan's campaigns from 1997 to 2006.

6.  DOJ notified Rep. Mollohan in January 2010 it had concluded its investigation of him and declined to prosecute him.  The United States Attorney's Office for the District of Columbia publicly confirmed it had closed its investigation.

### Plaintiff's FOIA Requests

7.  By letters dated February 14, 2011, and delivered by facsimile to the Criminal Division, FBI, and EOUSA, plaintiff requested under the FOIA the following agency records (including, but not limited to, electronic records and information, audiotapes, videotapes and photographs):

> [A]ll records related to investigations conducted by DOJ and the Federal Bureau of Investigation ("FBI") of Rep. Alan B. Mollohan (D-WV) that are not covered by grand jury secrecy pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure, including but not limited to DOJ's decision not to bring criminal charges against him.

8.  The Criminal Division, FBI, and EOUSA received plaintiff's FOIA requests described in ¶ 7 by facsimile on February 14, 2011.

### Defendant's Treatment of Plaintiff's FOIA Requests

*The Criminal Division*

9.  By letter to plaintiff dated February 22, 2011, the Criminal Division acknowledged receipt of plaintiff's FOIA request and assigned it file number 2011000123F.

10.  By letter to plaintiff dated April 11, 2011, the Criminal Division informed it had conducted a search and had located no records responsive to CREW's request.  The Criminal Division advised plaintiff of its right to appeal that determination to DOJ's Office of Information Policy ("OIP").

11.  By letter to OIP dated May 12, 2011, plaintiff appealed the adequacy of the Criminal Division's search for records responsive to plaintiff's FOIA request.

12.  By letter to plaintiff dated September 12, 2011, OIP advised plaintiff it was affirming the Criminal Division's search for responsive records and that the Criminal Division conducted an adequate search for responsive records.  OIP provided no explanation for its determination.

13.  Plaintiff has now exhausted all applicable administrative remedies with respect to its FOIA request to the Criminal Division.

*The FBI*

14.  By letter to plaintiff dated March 31, 2011, the FBI acknowledged receipt of plaintiff's FOIA request, and assigned it FOIPA Request No. 1163752-000.  The FBI further indicated that without express authorization of the "third party" – presumably Rep. Mollohan – any release of the information to plaintiff would violate the Privacy Act and could constitute an unwarranted invasion of privacy protected by FOIA Exemptions 6 and 7(C).  The FBI advised plaintiff of its right to appeal that determination to OIP.

15.  By letter to OIP dated April 6, 2011, plaintiff appealed the determination of the FBI to withhold in their entirety all records responsive to plaintiff's FOIA request.

16.  By letter to plaintiff dated September 16, 2011, OIP advised plaintiff it was affirming the FBI's decision to withhold all responsive records in their entirety based on Exemption 7(C). OIP affirmed the FBI's use of a categorical exemption without first conducting a search for the requested records.  OIP provided no explanation for its determination.

17.  Plaintiff has now exhausted all applicable administrative remedies with respect to its FOIA request to the FBI.

*The EOUSA*

18.  By letter to plaintiff dated February 23, 2011, EOUSA acknowledged receipt of

plaintiff's FOIA request, assigned it Request Number 2011-439, and advised plaintiff without

express authorization of the "third party" – presumably Rep. Mollohan – any release of the

requested information to plaintiff beyond public records maintained in its files would violate the

Privacy Act and could constitute an unwarranted invasion of privacy protected by FOIA

Exemptions 6 and 7(C).  EOUSA advise plaintiff of its right to appeal that determination to OIP.

19.  By letter to OIP dated April 1, 2011, plaintiff appealed the determination of EOUSA

to withhold in their entirety all records responsive to plaintiff's FOIA request.

20.  By letter to plaintiff dated September 12, 2011, OIP advised plaintiff it was affirming

EOUSA's decision to withhold all responsive records in their entirety on partly modified

grounds.  Specifically, OIP acknowledged EOUSA had not conducted a search for the requested

records, and asserted the requested records are exempt from disclosure in their entirety based on

Exemption 7(C).  OIP provided no further explanation for its determination.

21.  Plaintiff has now exhausted all applicable administrative remedies with respect to its

FOIA request to EOUSA.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Conducct An Adequate Search)

22.  Plaintiff re-alleges and incorporates by reference paragraphs 1-21.

23.  Plaintiff submitted to the Criminal Division a request that reasonably described the

records sought and was made in accordance with DOJ's published FOIA regulations.

24.  In response, the Criminal Division failed to conduct a search reasonably calculated to

uncover all agency records.

25.  As a result of the Criminal Division's inadequate search, plaintiff has not received all the records it requested under the FOIA.

26.  Therefore, by failing to release to plaintiff the records specifically requested of the Criminal Division, defendant violated the FOIA's mandate to search for responsive records, 5 U.S.C. § 552(a)(3)(D).

## CLAIM TWO
### (Wrongful Withholding Of Non-Exempt Records)

27.  Plaintiff realleges and incorporates by reference paragraphs 1-26.

28.  Plaintiff properly asked for records within the custody and control of DOJ components the Criminal Division, the FBI, and the EOUSA.

29.  Defendant DOJ wrongfully withheld agency records requested by plaintiff by withholding from disclosure all records responsive to plaintiff's FOIA requests to the Criminal Division, the FBI, and EOUSA.

30.  Therefore, by failing to release the records as plaintiff specifically requested, defendant violated the FOIA.

## Requested Relief

WHEREFORE, plaintiff respectfully requests that this Court:

(1)  Order defendant DOJ and its components the Criminal Division, the FBI, and EOUSA to conduct adequate searches and to disclose immediately and in their entireties all records responsive to plaintiff's FOIA requests submitted to the Criminal Division, the FBI, and EOUSA on February 14, 2011.

(2)  Issue a declaration that plaintiff is entitled to disclosure of the requested records;

(3)  Provide for expeditious proceedings in this action;

(4)  Award plaintiff its costs and reasonable attorneys' fees in this action; and

(5)  Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____

ANNE L. WEISMANN
(D.C. Bar No. 298190)
MELANIE SLOAN
(D.C Bar No. 434584
Citizens for Responsibility and Ethics
  in Washington
1400 Eye Street, N.W. Suite 450
Washington, D.C.  20005
Phone: (202) 408-5565
Facsimile: (202) 588-5020
Aweismann@citizensforethics.org

_____

Scott A. Hodes (D.C. Bar 430375)
P.O. Box 42002
Washington, D.C.  20015
Phone: (301) 404-0502
Fax: (413) 641-2833

Dated: February 13, 2013

Attorneys for Plaintiff